FILED
2012 Feb-27  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:11-CV-2446-VEH** |
| | ) |
| **BOARD OF TRUSTEES** | ) |
| **UNIVERSITY OF ALABAMA,** | ) |
| **UAB HEALTH SYSTEM, and UAB** | ) |
| **HOSPITAL/CENTER FOR** | ) |
| **PSYCHIATRIC MEDICINE,** | ) |
| | ) |
| **Defendants.** | ) |

---

### MEMORANDUM OPINION

This employment discrimination action is before the court on the Motion To

Dismiss (the "Motion") (doc. 14) filed by Defendants UAB Health System and UAB

Hospital/Center for Psychiatric Medicine[1] ("UAB Health System" or "Defendants").

The Motion requests dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6).

Plaintiff Elaine Harris ("Ms. Harris" or "Plaintiff") has responded to the Motion with

a response (doc. 18), two supplemental responses (docs. 20 and 24), and Defendants

---

[1] These Defendants assert that they were incorrectly identified in Plaintiff's Complaint as two separate entities. (Doc. 14 at 1). By separate Order, the court will require Plaintiff to address this issue. For the purposes of this Memorandum Opinion, the court will collectively refer to these two Defendants as "UAB Health System."

have replied (doc. 21).  Accordingly, the Motion is under submission and ripe for the court's decision.

## I.   BACKGROUND

Plaintiff is an African-American female over the age of 40 who avers that she was "jointly and severally" employed by the three Defendants named in this action. (Complt. ¶¶ 6, 11).[2]  At all times relevant to her Complaint, Plaintiff was working in various positions as a licensed practical nurse at UAB Hospital/Center for Psychiatric Medicine.  (Complt. ¶ 10).

On February 5, 2010, Plaintiff filed a charge against her employers with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination and retaliation, sex discrimination, age discrimination, and equal pay discrimination.[3] (Complt. ¶ 4; Doc. 17-1).  Plaintiff's EEOC charge (Charge No. 420-2010-01057)

---

[2]  By separate Memorandum Opinion and Order, the court granted the University of Alabama Board of Trustees's Motion To Dismiss as to all claims against it.  Accordingly, the Board of Trustees has been dismissed as a defendant to this case.

[3]  Although Plaintiff's EEOC charge included allegations of sex discrimination, presumably under Title VII, and equal pay discrimination, presumably under the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.*, her Complaint in this case does not raise those two claims, nor does it contain any statement of facts supporting those two claims. Thus, they are not before the court. *See* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." (citations omitted)).

was investigated, and Plaintiff received a Dismissal and Notice of Rights letter dated April 7, 2011, which indicated the EEOC's intent to close the file without making any affirmative findings and authorized Plaintiff to file a lawsuit in federal or state court within 90 days.  (Complt. Ex. 1).

Plaintiff initiated this lawsuit on July 5, 2011, within 90 days of receiving her Notice of Rights letter.  In shotgun fashion,[4] she asserts the claims in her Complaint generally against all three Defendants, without designating specific claims against each Defendant.  Although not numbered, Plaintiff's claims against Defendants essentially constitute eight different counts:

(1)     Race discrimination (based on unequal pay, hostile work environment, and disparate impact) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Comlt. ¶¶ 26-58);

(2)     Retaliation under Title VII (Complt. ¶¶ 59-64);

(3)     Retaliation under 42 U.S.C. § 1981, brought by and through 42 U.S.C. § 1983 (Complt. ¶¶ 59-64);

(4)     Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, brought by and through § 1983 (Complt. ¶¶ 65-72);

---

[4]  Instead of pleading each claim against each Defendant(s) as separately numbered counts, Plaintiffs' complaint is lumpily pled and in its present form violates the Eleventh Circuit's admonishment against shotgun pleading as explained in *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008) and the related cases cited to therein.  *See Davis*, 516 F.3d at 979 ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").

(5)     Age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (Complt. ¶¶ 73-82);

(6)     Breach of contract under state law (Complt. ¶¶ 83-90);

(7)     Quantum Meruit under state law (Complt. ¶¶ 91-95); and

(8)     Attorneys Fees under 42 U.S.C. § 1988.

Thus, Plaintiff alleges claims under the federal constitution and three different federal statutes (Title VII, § 1981, and the ADEA) in addition to her state law claims. Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and original jurisdiction based on her civil rights claims pursuant to 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."). (Complt. ¶ 2).

UAB Health System filed its Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). The Board of Trustees fashions three arguments for dismissal based on the Plaintiff's failure to state a claim: (1) Plaintiff's Title VII and ADEA claims are premature based on the EEOC's subsequent Notice of Reconsideration and Notice of Revocation; (2) Plaintiff cannot pursue her claims under 42 U.S.C. § 1983 against UAB Health System because it does not operate

under color of state law; and (3) Plaintiff has failed to plead facts sufficient to establish a breach-of-contract claim. Thus, UAB Health System's motion seeks dismissal of all Plaintiff's claims except for the state law claim for quantum meruit.

## II.   12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that the plaintiff can prove facts it has not alleged or that a

5

defendant has violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" i.e., its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

## III.   ANALYSIS

### A.   Title VII and ADEA Claims[5]

UAB Health System asserts that Plaintiff has failed to exhaust her

---

[5]   The court considers Plaintiff's Title VII and ADEA claims together because they share common issues raised in both Motions to Dismiss and have similar legal frameworks relating to those issues. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 358 (1995) ("The ADEA and Title VII share common substantive features and also a common purpose: the elimination of discrimination in the workplace." (quotation omitted)); *see also Garcia*, 104 F.3d at 1264 (11th Cir. 1997) ("In interpreting ADEA's definition of 'employer,' Title VII cases are helpful. . . . The only notable difference between the two statutes' definitions of 'employer' is the number of 'employees' each statute requires.").

administrative remedies in relation to the Title VII and ADEA claims raised in her EEOC charge.  The law is well-settled that an employee must timely pursue and exhaust her administrative remedies as a precondition to filing an employment discrimination suit under Title VII or the ADEA.[6]  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (Title VII); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (ADEA); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).[7]  Though required, exhaustion of administrative remedies is not a "jurisdictional requirement" such that it would divest the court of subject-matter jurisdiction.  *See Zipes,* 455 U.S. at 393 (holding "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *Jackson*, 678 F.2d at 1003 ("[T]he conditions

---

[6]  The court notes that Plaintiff in this case also alleges retaliation under Title VII. Because the facts supporting her retaliation claim occurred prior to the filing of her EEOC charge, that claim is also subject to Title VII's exhaustion requirement.  *Houston v. Army Fleet Services, L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007) ("If . . . the alleged retaliatory action occurs *before* the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the retaliation claim." (emphasis in original)).  Here, Plaintiff properly included the facts concerning retaliation in her EEOC charge.  (See Doc. 17-1).

[7]  Notably, while Title VII requires that a plaintiff possess a valid right to sue notice before instituting suit, the ADEA does not.  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 (11th Cir. 1996) ("Unlike Title VII, the ADEA does not require that the plaintiff first receive a right to sue notice from the EEOC prior to commencing suit."); *see also* 29 U.S.C. § 626(d) (providing that a plaintiff may initiate an ADEA action after the mandatory 60-day statutory waiting period).

precedent to filing a Title VII suit are not jurisdictional prerequisites."). Nevertheless, a plaintiff who does not plausibly allege that she successfully exhausted administrative remedies cannot state a claim under Title VII or the ADEA, and her claims would therefore be subject to dismissal pursuant to Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6); *McIntyre v. Aurora Cares, LLC*, No. CA 10–0208–KD–C, 2011 WL 2940939, at *2 n.3 (S.D. Ala. July 21, 2011) (finding that dismissal for failure to exhaust administrative remedies in Title VII action would be appropriate under Rule 12(b)(6)); *Banks v. Ackerman Security Systems, Inc.,* No. 1:09-CV-0229-CC, 2009 WL 974242, at *2 n. 3 (N.D. Ga. April 10, 2009) (same).

Although UAB Health System does not contest that it is Plaintiff's employer and that it was served with and responded to Plaintiff's EEOC charge, it nevertheless claims failure to exhaust administrative remedies based on Plaintiff's subsequent receipt of a reconsideration and revocation notice from the EEOC, which is attached as Exhibit A to its Motion.  (Doc. 14, Ex. A).  For the reasons that follow, the court does not agree that the purported revocation notice cancelled or revoked Plaintiff's valid right to sue.

Plaintiff filed her EEOC charge on February 5, 2010.  She received the EEOC's determination letter and right to sue notice on April 7, 2011.  She filed this lawsuit on July 5, 2011, within 90 days of receiving her right to sue notice.  On July 27, 2011,

apparently in response to a petition Plaintiff filed with the EEOC asking it to make a technical amendment to the charge and notice of right to sue to correct the name of the respondent (see Doc. 19-1), the EEOC responded with a letter that stated as follows:

> . . . . Pursuant to procedural regulations, please find enclosed a Notice of Reconsideration and Notice of Revocation which revokes the Right to Sue notice issued by this office on April 7, 2011. <u>The charge will be amended to correct the name of the respondent only</u>. Please be advised, however, that pursuant to 29 C.F.R., Section 1601.19, while this notice vacates the previous determination, <u>it does not revoke the Dismissal and Notice of Rights issued on April 7, 2011</u>.

(Doc. 17-5 (emphasis added)).

UAB Health System attaches the July 27, 2011, Reconsideration Notice to demonstrate that Plaintiff has somehow "lost" her right to sue, and therefore has not exhausted her administrative remedies.  (Doc. 13 at 1-2; Doc. 14 at 1-2).  It relies solely on the existence of this Reconsideration Notice to support its contention that the right to sue conferred by the EEOC's April 7, 2011, letter is now revoked. However, no case, statute, or regulation supports its proposition. To the contrary, the regulations governing the EEOC's reconsideration process provide as follows:

> (b) The Commission may on its own initiative reconsider a final determination of no reasonable cause and an issuing director may, on his or her own initiative reconsider his or her final determination of no reasonable cause. If the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider

shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a) (1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. If the 90 day suit period has expired, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to § 1601.28(a) (1) or (2), the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days. After reconsideration, the Commission or issuing director shall issue a new determination. In those circumstances where the charging party's right to bring suit in 90 days was revoked, the determination shall include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination. Where a member of the Commission has filed a Commissioner charge, he or she shall abstain from making a determination in that case.

29 C.F.R. § 1601.19(b) (emphasis added).[8]  In this case, it is undisputed that the EEOC's letter relating to Plaintiff's EEOC Charge No. 420-2010-01057, with its accompanying right-to-sue notice, was issued on April 7, 2011.  The EEOC's Reconsideration Notice was not dated until July 27, 2011, more than ninety (90) days after Plaintiff received her initial determination letter and right-to-sue notice, and twenty-two (22) days after Plaintiff filed suit in this court as a matter of right.  Thus,

---

[8]  Defendant UAB Health System's reply brief seemingly attempts to distinguish a reconsideration by the Commission "on its own initiative" versus one that is petitioned for by the charging party, but provides no authority or plausible explanation why 29 C.F.R. § 1601.19 would not apply under the circumstances of this case. (See Doc. 21 at 3). Moreover, the EEOC District Director assigned to Plaintiff's EEOC charge expressly stated that the Reconsideration Notice attached to her July 27, 2011, letter was being issued "pursuant to 29 C.F.R. § 1601.19." (Doc. 17-5). Therefore, 29 C.F.R. § 1601.19 is the relevant regulation for the court to consider.

29 C.F.R. § 1601.19 clarifies that the Reconsideration Notice conferred no legal authority to revoke Plaintiff's original right-to-sue notice, or, more importantly, to revoke her valid <u>right</u> to sue, which she timely acted upon. Accordingly, the court is not persuaded by the Defendant's unsupported argument that the Reconsideration Notice revoked the April 7, 2011, right-to-sue notice.

Because the UAB Health System Motion rests its argument to dismiss Plaintiff's Title VII and ADEA claims solely on these grounds, its Motion is due to be **DENIED** to the extent that it seeks dismissal of Plaintiff's Title VII and ADEA claims.

### B.    § 1983 Claims

UAB Health System seeks to dismiss Plaintiff's § 1983 claims[9] under Rule 12(b)(6) for failure to state a claim. Plaintiff's Complaint seeks to bring two claims by and through § 1983: (1) her § 1981 retaliation claim, and (2) her Fourteenth Amendment equal protection claim.

> In order to prevail in a civil rights action under section 1983, "a plaintiff must make a *prima facie* showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or

---

[9]    Significantly, § 1983 does not itself create or establish any federally protected right; instead, it creates a cause of action for plaintiffs to enforce federal rights created elsewhere, either by the federal Constitution or, in some cases, by federal statute, such as § 1981. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("[A] principle purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims.").

omission was done by a person acting under color of law."

*Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Thus, for Plaintiff's Complaint to survive UAB Health System's Motion To Dismiss on both her § 1981 retaliation claim and her Fourteenth Amendment equal protection claim, her allegations must plausibly establish that the constitutional violation was committed by a person acting "under color of state law." 42 U.S.C. § 1981(c).

The UAB Health System contends that because Plaintiff has not pled *any* facts sufficient to support her conclusory allegation that UAB Health System "acted under color of state law" (Complt. ¶ 67), her § 1983 claims are due to be dismissed for failure to state a claim. Plaintiff counters that the required "state action" under § 1983 "is satisfied through the management responsibility shared by Defendant Board of Trustees over plaintiff's workplace, the Center for Psychiatric Medicine." (Doc. 18 at 2). To support this argument, Plaintiff cites to *Ex parte Greater Mobile-Washington County Mental Health-Mental Retardation Bd., Inc.*, 940 So. 2d 990 (Ala. 2006), Article I, Section 13 of the Alabama Constitution, and *Water Works Bd. of City of Birmingham v. Stephens*, 78 So. 2d 267 (Ala. 1955). The court has reviewed these authorities and finds that none of them support Plaintiff's proposition. Moreover, Plaintiff's argument, which hinges on the purported joint venture

12

relationship between the Board of Trustees and UAB Health System, necessarily fails in light of the court's dismissal of the Board of Trustees as a Defendant. (See Doc. 18 at 8 ("Plaintiff contends that the state actor, joint venturer here, Board of Trustees of the University of Alabama[,] supplies the necessary state action which defendants jointly and severally executed to violate plaintiff['s] civil rights.")).

Further, upon reviewing the Complaint, the court finds that Plaintiff's "conclusory assertion" that UAB Health System acted under color of state law, without any supportive factual allegation, is not enough to withstand a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, UAB Health System's Motion To Dismiss is due to be **GRANTED** to the extent that it seeks dismissal of Plaintiff's § 1981 retaliation claim and Fourteenth Amendment equal protection claim, both of which are brought by and through § 1983.

### C.     Breach-of-Contract Claim

Finally, UAB Health System asserts that Plaintiff fails to state a claim as to her state law claim against it for breach of contract. (Doc. 14 at 3). "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's

nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999)).

Plaintiff contends that her state law claim for breach of contract, which is set out at Paragraphs 83 through 90 of her Complaint, is sufficiently pled pursuant to Fed. R. Civ. P. 8(a)(2), *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009), and *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002).

Reviewing Plaintiff's Complaint and the authorities cited by both sides, the court concludes that Plaintiff adequately alleged her breach-of-contract claim. UAB Health System focuses singularly on its perceived deficiencies with Paragraph 16 of Plaintiff's Complaint, but the operative paragraphs to evaluate for the purposes of assessing Plaintiff's breach-of-contract claim under Rule 12(b)(6) is Paragraphs 83 through 90, where the count is set out. In those paragraphs, Plaintiff avers that "Defendants orally promised or implied that plaintiff would receive wages commensurate with those paid to her predecessor Ms. Dawn Hamby" (Complt. ¶ 84); that the promise was material and that she relied on it "in assessing and accepting the position replacing Ms. Dawn Hamby" (*id.* ¶ 85); that she "performed" the position from October 2007 to September 2009 (*id.* ¶ 86); and that Defendants "breached" their promise to pay her the same amount as Ms. Hamby, which caused her "to suffer

loss [sic] wages, diminution in wages, bonuses, and raises" (*id.* ¶¶ 89-90). As such, Plaintiff sufficiently alleges facts that support the elements of her breach-of-contract claim: (1) a valid contract binding the parties (Paragraphs 84 and 85); (2) the plaintiffs' performance under the contract (Paragraph 86); (3) the defendant's nonperformance (Paragraphs 87, 88, 89, and 90); and (4) resulting damages (Paragraph 90). *Reynolds Metals Co.*, 825 So. 2d at 105.

Therefore, Plaintiff has surpassed the low pleading threshold of Rule 8(a)(2) as interpreted in *Iqbal* and *Twombly*, as she has provided "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47.  Moreover, her allegations include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and the court finds they are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Accordingly, UAB Health System's Motion To Dismiss under Rule 12(b)(6) as it pertains to Plaintiff's state law breach-of-contract claim is due to be **DENIED**.

## IV.    CONCLUSION

For all these reasons, the court finds that the UAB Health System's Motion is due to be **GRANTED IN PART** and **DENIED IN PART** as set out above.  The court

will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 27th day of February, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16